Estate of Harry E. R. Hall, Deceased, Irwin W. Warshauer and John W. Walters, Executors, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 85588. Promulgated November 15, 1938.

*Lawrence R. Condon, Esq.*, for the petitioners.
*Walter Mandry, Esq.*, for the respondent.

### OPINION.

Murdock: The Commissioner determined a deficiency in the income tax of this estate for the year 1933 in the amount of $2,381.95. The only issue for decision is whether the agreed profit realized by the estate from the sale of the decedent's seat on the New York Stock Exchange is taxable as capital gain or whether it was correctly taxed by the Commissioner as ordinary income. The facts have been stipulated and the stipulation is adopted as the findings of fact.

The decedent died on October 25, 1931. He owned at that time a seat on the New York Stock Exchange which he had owned for over seven years. The cost of the seat to him is not shown, but it had a value at the date of his death of $161,000. The executors of the

estate sold the seat on July 8, 1933, for $225,000. Prior to that time they had paid dues in the amount of $1,790.22, which they added to the value of the seat at the time they acquired it in order to arrive at their basis for gain or loss on the asset of $162,790.22. They reported the profit of $62,209.78 as a capital net gain on their income tax return for the calendar year 1933. The Commissioner, in determining the deficiency, held that the profit was taxable as ordinary income.

The petitioners contend that this seat was a capital asset in their hands. Although they had not held the asset for more than two years at the time of the sale, nevertheless they contend that their period of holding is to be combined with that of the decedent. Section 101 (c) (8) of the Revenue Act of 1928 provides in part:
" 'Capital assets' means property held by the taxpayer for more than two years * * *." The Commissioner contends that "the taxpayer" in this instance was an estate, that taxpayer was separate and distinct from the decedent, and it did not hold this asset for more than two years. He cites a number of authorities in support of this contention, which need not be set forth herein. The case of *Herbert Tutwiler et al., Trustees*, 28 B. T. A. 495, is on all fours with the present case and fully supports the Commissioner's contention. The only difference in the cases is that the *Tutwiler* case arose under the Revenue Act of 1926, but section 208 (a) (8) of that act is substantially the same as the corresponding provisions of the Revenue Act of 1928.

The petitioners cite and rely upon *McFeely* v. *Commissioner*, 296 U. S. 102. That case did not involve the question with which we are concerned and does not support the petitioners' contention. The question there was when the period of holding began for a person receiving property from a decedent's estate, i. e., did it begin at the date of the decedent's death or did it begin at the date of distribution? The Court held that it began at the date of death, which is consistent with, rather than contrary to, the contention of the Commissioner here. Neither is the case of *Helvering* v. *New York Trust Co.*, 292 U. S. 455, in point. The question there arose under the Revenue Act of 1921. The taxpayer was a trust to which property had been transferred by way of gift. The question was whether the period of holding of the donor should be added to that of the trust. The Court held that the two periods should be added together since the trust took the same basis for gain or loss that the donor had had. The Court said the Revenue Act of 1921 would be inconsistent if it permitted the old basis to be retained without also permitting the old period of holding to be added to the new. Here the estate does not take the same basis for gain or loss on this property that the

decedent had, and the Revenue Act of 1928 is not inconsistent in this connection. As a matter of fact, section 101 (c) (8) contains express provisions for adding the two periods together where there is no change in the basis. None of those provisions applies in the present case. The Commissioner did not err.

*Decision will be entered for the respondent.*